**UNITED STATES of America,**
Appellee,

v.

**Rasene MYTON, also known as Fox, Defendant–Appellant.**

No. 05–5416–CR.

United States Court of Appeals, Second Circuit.

May 22, 2007.

**128**

Todd Harrison, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York; David C. James, Jack Smith, Assistant United States Attorneys, on the brief), Brooklyn, New York, for Appellee.

Peter J. Tomao, Garden City, New York, for Defendant–Appellant.

PRESENT: SONIA SOTOMAYOR, ROBERT A. KATZMANN, Circuit Judges, NANCY GERTNER, District Judge.[*]

### SUMMARY ORDER

Defendant-appellant Rasene Myton appeals from the judgments of conviction and sentence imposed by the United States District Court for the Eastern District of New York (Block, J.) following two jury trials: After the first trial, on Indictment S–4,[1] Myton was convicted of one count of conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, rob-

bery in violation of 18 U.S.C. § 1951, attempted robbery in violation of 18 U.S.C. § 1951, and three counts of using and carrying a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). After the second trial, on Indictment S–6, Myton was convicted of one additional count of attempted robbery in violation of 18 U.S.C. § 1951 and one additional firearm count in violation of 18 U.S.C. § 924(c). We presume the parties' familiarity with the factual and procedural background of this case and the issues raised on appeal.

Myton presents a number of challenges to his conviction and sentence; we address each in turn.

### I. Challenges to Conviction

 Myton first argues that the district court erred at both of his trials by admitting out-of-court statements to establish the purpose of the conspiracy and the elements of the Hobbs Act violations, running afoul of the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The testimony to which Myton objects, however, falls outside the ambit of *Crawford*, which concerns only "testimonial" statements, that is, those "statements that were made under circumstances that would lead an objective witness reasonably to believe that the statements would be available for use at a later trial." *Id.* at 52, 124 S.Ct. 1354 (internal quotation marks omitted). The statements made by Paul Campbell (identified during the trial as "Dabby"), which were admitted during the first trial, were statements made by a

---

[*] The Honorable Nancy Gertner, United States District Judge for the District of Massachusetts, sitting by designation.

1. Myton was convicted at two separate trials on two different indictments. For ease of reference, we will join the parties in referring to the first indictment, No. 98–cr–500 (S–4), as the "S–4 Indictment," and the second indictment, No. 98–cr–500 (S–6), as the "S–6 Indictment."

co-conspirator in furtherance of the conspiracy, and thus "by their nature were not testimonial." *Id.* at 56, 124 S.Ct. 1354; *see also United States v. Stewart,* 433 F.3d 273, 291 (2d Cir.2006). The statements made by robbery victim Orland Davis to witness Raul Simon, concerning the provenance of Davis's marijuana, were not testimonial because they were patently not made "under circumstances which would lead an objective witness reasonably to believe that the statements would be available for use at a later trial." *Crawford,* 541 U.S. at 52, 124 S.Ct. 1354 (internal quotation marks omitted). There was thus no *Crawford* violation in admitting these statements.

■ We evaluate the admissibility of non-testimonial, out-of-court statements under the two-part test elaborated by the Supreme Court in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *see United States v. Saget,* 377 F.3d 223, 227, 230–31 (2d Cir.2004). *Roberts* requires the prosecution to establish first that the declarant of the statement was unavailable at trial, and, second, that the statement carries some "indicia of reliability." *Roberts,* 448 U.S. at 65–66, 100 S.Ct. 2531. Such reliability can be demonstrated where "the statements fall within a firmly rooted hearsay exception or contain particularized guarantees of trustworthiness." *Saget,* 377 F.3d at 230. Orland Davis's statements were permissibly admitted into evidence under *Roberts.* Davis was dead at the time of the trial and was thus clearly unavailable. His statements, like those statements admitted by this Court in *United States v. Matthews,* 20 F.3d 538, 546 (2d Cir.1994), bore the requisite indicia of reliability, "given the unofficial setting in which the remarks were made and the declarant's friendly relationship with the listener." *Saget,* 377 F.3d at

230. We thus find no error in the admission of Davis's statements.

■ Because the government failed to proffer sufficient evidence at trial to demonstrate adequately Campbell's unavailability, however, his statements were erroneously admitted under *Roberts.* This Confrontation Clause error is subject to harmless error analysis. *See United States v. Vitale,* 459 F.3d 190, 195 (2d Cir.2006). Admission of Campbell's statements was harmless error because the statements were cumulative of other evidence that had been presented at trial and were fully corroborated by Pessoa, the robbery victim, who himself testified that his store sold marijuana, and by others of Myton's co-conspirators, who testified that they targeted drug dealers for their robberies. Accordingly, the error was "harmless beyond a reasonable doubt." *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

■ Myton next contests the sufficiency of the evidence supporting his conviction on Count Six of the S–4 Indictment. Specifically, he claims that, because the government misidentified the robbery victim at trial, it failed to prove the requisite interstate nexus for a conviction under the Hobbs Act and also that the government at most proved kidnaping when it had alleged robbery in the indictment. There was ample evidence presented to the jury from which it could conclude that Myton had participated in a completed robbery that had an effect on interstate commerce. Specifically, Ferdinand Joseph, one of Myton's co-conspirators, testified at the trial as to a statement by an unnamed female co-conspirator that the victim was a drug dealer who traded in marijuana and cocaine between Miami and New York. This woman helped Myton target the victim and also physically participated in the robbery. As a co-conspirator speaking in further-

ance of the conspiracy, her statement may be considered for its truth, and thus as evidence that the victim of the robbery actually was a drug dealer engaged in interstate commerce. In addition, there was testimony that $26,000 was taken from the wife of the victim. Viewing this evidence in the light most favorable to the verdict, a reasonable juror could conclude both that Myton had participated in the robbery, that the takings of the robbery were drug proceeds, *see United States v. Williams*, 342 F.3d 350, 355 (4th Cir.2003), and that the robbery "affected interstate commerce because the loss of those funds limited the amount of cocaine [the robbery victim/drug dealer] would have been able to purchase in the future." *United States v. Jones*, 30 F.3d 276, 285 (2d Cir.1994).

■ Myton's latter claim that the government constructively amended his indictment by charging robbery but proving nothing more than extortion or kidnaping fails as well, as it is clear that the government adduced sufficient evidence to establish the elements of a Hobbs Act robbery conviction. Myton does not make clear which of the elements of the crime he believes the government failed to prove. Rather, he appears to argue that because the crime was effected indirectly—by the victim's abduction and torture, which led to his divulging that he kept a large amount of money at home, and culminated in Myton's co-conspirators' traveling to the victim's home and seizing the money from his wife—it could only be charged as a kidnaping. We need not consider whether a crime that is more appropriately charged as a kidnaping can also be charged as a robbery, because here the government carried its burden of proving that Myton had committed "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his

will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family. . . ." 18 U.S.C. § 1951(b)(1).

■ Third, Myton contests the sufficiency of the evidence supporting his conviction on Count Two of the S–4 Indictment. Specifically, he claims that there was insufficient evidence that robbery victim George Pessoa ("Pessoa") was a drug dealer or that he kept the proceeds of his drug business at his personal residence. Alternatively, Myton argues that the district court erred in refusing to dismiss this count based on false testimony by a witness whom the government conceded had perjured himself. We review a sufficiency challenge de novo, and we will "affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Madori*, 419 F.3d 159, 166 (2d Cir.2005) (internal citation omitted). In a conviction for an attempted Hobbs Act robbery, "a robber's belief about the object of the robbery is sufficient to establish the interstate nexus." *United States v. Silverio*, 335 F.3d 183, 187 (2d Cir.2003). There was ample evidence in the record, including Joseph's testimony about this particular robbery and Myton's co-conspirators' testimony about the group's general practice of targeting drug dealers, to support the jury's conclusion that Myton and his co-conspirators attempted to rob Pessoa because he was a drug dealer and that his marijuana traveled in interstate commerce. Thus, the evidence was sufficient to sustain Myton's conviction for attempted

Hobbs Act robbery on Count Two of the S–4 Indictment.

Myton's alternative theory fails because the perjured testimony was not material and it would have had only cumulative impeachment value as to the witness. *See United States v. Canova*, 412 F.3d 331, 349 (2d Cir.2005). The testimony was not material because other, non-perjurious testimony from Pessoa, Anthony Trotman and Aaron Myvett establish both that Myton had participated in the attempted robbery of Pessoa and that Myton and his co-conspirators targeted Pessoa because of their belief that he was a drug dealer. The newly discovered evidence of perjury was merely cumulative of other impeachment material because the jury was provided with ample other bases for questioning Joseph's credibility but chose to credit his corroborated testimony concerning the elements of the government's case. Therefore we, like the district court, are not left with the requisite firm belief that "the jury probably would have altered its verdict if it had the opportunity to appraise the impact of the newly discovered evidence" of Joseph's perjury. *United States v. Gugino*, 860 F.2d 546, 551 (2d Cir.1988) (internal citation omitted).

■ Fourth, Myton contends that the indictments against him were constructively amended because Counts Two through Seven of the S–4 Indictment and Counts Four and Five of the S–6 Indictment failed to "specifically charge that he violated the respective statutes by 'aiding and abetting' his alleged co-defendants." This argument fails because each of the specified counts of the indictment expressly cited 18 U.S.C.

§ 2, the provision of the United States Code concerning the treatment of aiders and abettors. *See United States v. Mucciante*, 21 F.3d 1228, 1234 (2d Cir.1994) ("If 18 U.S.C. § 2 is charged in the indictment, the defendant is put on notice that he can be convicted as an aider and abettor. Because a violation of 18 U.S.C. § 2 was charged in the indictment, appellants can neither claim an amendment to the indictment nor unfair surprise." (quoting *United States v. Robinson*, 956 F.2d 1388, 1394–95 (7th Cir.1992))).

Fifth, Myton claims that his convictions on the firearms counts must be vacated because the convictions for the underlying crimes of violence were defective. We reject this argument because we have rejected Myton's claims against each of his convictions for the underlying crimes.

■ Finally, Myton argues that his convictions under the S–4 Indictment should be reversed because the district court erroneously admitted unfairly prejudicial testimony by one of his co-conspirators. Myton failed to object to the admission of this testimony at trial; we therefore review for plain error.[2] Fed. R.Crim.P. 52(b); *see United States v. Ness*, 466 F.3d 79, 82 (2d Cir.2006). We reject Myton's challenge to the admission of this evidence because we find that no error occurred here. The district court acted within its discretion in admitting the testimony as other acts evidence "in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators."

---

2. Myton does not allege that this contested testimony was irrelevant to the charges against him, but rather claims that it was highly prejudicial. In cases involving the admission of relevant yet potentially prejudicial testimony, we have held that defendants may not, as Myton attempts to do here, rely upon an *in limine* objection to preserve their claim for appeal. *See United States v. Kon Yu-Leung*, 51 F.3d 1116, 1120–21 (2d Cir.1995).

*United States v. Rosa*, 11 F.3d 315, 334 (2d Cir.1993).

## II. Challenges to Sentence

■ Myton first challenges his sentence on the ground that the district court improperly held him responsible for the murder of Orland Davis, who was killed during the commission of the robbery for which Myton was convicted in the trial on the S–6 Indictment. We review a district court's factual findings at sentencing for clear error. *United States v. Phillips*, 431 F.3d 86, 89 (2d Cir.2005). Bearing in mind that "a sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise," *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001) (internal quotation marks and alteration omitted), we find no error in the district court's determination that Myton was criminally responsible for Davis's death, which was the foreseeable result of an attempted robbery in which Myton was involved.

■ Next, Myton contends that the sentences for his firearm convictions should have been imposed concurrently, because they all arose from the same conspiracy. This contention is in error, as Myton's three firearm convictions under 18 U.S.C. § 924(c) are predicated on his three separate robbery convictions, on Counts Two and Six of the S–4 Indictment and Count Four of the S–6 Indictment, and not, as Myton alleges, on his single robbery conspiracy conviction, Count One of the S–4 Indictment. This distinguishes Myton's case from this Court's decision in *United States v. Lindsay*, 985 F.2d 666 (2d Cir.1993), in which we remanded the defendant's case for resentencing because the district court had imposed fourteen separate sentences for as many § 924(c) violations arising out of only one continuing criminal enterprise conviction. *Id.* at 669.

■ Third, Myton argues that the sentencing enhancements imposed for his second and third convictions under § 924(c) violated his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny because the indictment did not charge, and the jury did not find, the facts on which these enhancements were based. This Court considered and rejected a similar argument in *United States v. Campbell*, 300 F.3d 202 (2d Cir.2002), and, based on that decision, we reject Myton's argument. The two sentence enhancements imposed on Myton for his second and third firearm convictions were based on the existence of a prior conviction under § 924(c)—to wit, his first firearm conviction on the S–4 Indictment. Because the fact of a prior conviction does not fall within the scope of *Apprendi*, "there was no requirement that the existence of prior convictions be alleged in the indictment or that any of the multiple firearms convictions returned by the jury be described by the jury as second or subsequent." *Campbell*, 300 F.3d at 213.

■ We reject Myton's fourth argument, that his sentence is unreasonable, because there is no basis for determining that the district court abused its discretion in imposing a ninety-year sentence based on convictions for which the Sentencing Guidelines would have permitted a life sentence. Given our deferential review of district court's sentencing decisions, *see*

*United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005), and the scope of the criminal activity for which Myton was convicted, we cannot deem unreasonable the sentence imposed.

 Finally, Myton alleges that the district court, in calculating his sentence, impermissibly considered allegations which the judge had previously agreed not to consider. There is nothing in the record to suggest that the district court based its sentence on these allegations. Rather, the judge's decision to sentence Myton to forty years for the various robbery convictions, rather than the twenty years he initially indicated, appears to have been based on his desire to punish Myton separately for the attempted robbery in which Orland Davis was murdered. We review a sentencing court's decision to impose a sentence consecutively or concurrently for abuse of discretion, *United States v. Brennan,* 395 F.3d 59, 66 (2d Cir.2005), and find no such abuse of discretion here.

### III. Miscellaneous Arguments

We have considered all of the appellants' other claims and find them to be without merit.

For the foregoing reasons, we AFFIRM the judgment of conviction and sentence.